United States District Court
Southern District of Texas
**ENTERED**
December 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FARRIEN RAY-BRYANT, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-03275 |
| § | |
| OPTIMIZED PROCESS DESIGNS, LLC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM & ORDER

Before the Court is Plaintiff's Motion to Remand. ECF No. 9. For the reasons that follow, the Court finds that Plaintiff's Motion should be **DENIED**.

### I. BACKGROUND

Plaintiff Farrien Ray-Bryant initially brought this action against Optimized Process Designs, LLC (OPD) in the 295th Judicial District Court of Harris County, Texas. Defendant removed the case to federal court on the basis of diversity jurisdiction. ECF No. 1. Shortly thereafter, the Court granted Bridget Irving Bryant and Lester Ervin Bryant's Motion to Intervene. ECF No. 3.

Plaintiff then filed the present Motion to Remand, alleging that Defendant had not adequately pled the citizenship of all its members in its Notice of Removal. ECF No. 9. On December 5, 2023, the Court held a hearing on the Motion.

1

## II. ANALYSIS

It is undisputed that the amount in controversy is over the $75,000 threshold and that both Plaintiff and Intervenor Plaintiffs are domiciled in Texas. The sole question before the Court is whether Defendant's Notice of Removal contains adequate citizenship allegations to support diversity jurisdiction.

Defendant is a limited liability corporation. Unlike a corporation's citizenship, which depends on the corporation's primary place of business and state of incorporation, the citizenship of an unincorporated association is based solely on the citizenship of its members. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). Accordingly, an LLC is a citizen of each state where at least one of its members is a citizen.[1] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). In cases where an LLC's membership is comprised of other LLCs, determining organizational citizenship requires "tracing their citizenships down the various organizational layers." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

Here, Defendant alleges the following membership structure in its Notice of Removal:

> Defendant Optimized Process Designs, LLC is a limited liability company. OPD's sole member is KES Domestic Holdings, LLC, whose members are KES Investment Holdings, LLC and KG Holding, LLC. KES Investment Holdings, LLC's sole member is KG Holding, LLC. KG Holding, LLC's sole member is Koch Engineered Solutions, LLC. Koch Engineered Solutions, LLC's sole member is Koch Solutions, LLC. Koch Solutions, LLC's sole member is Koch Industries, Inc. Koch Industries, Inc. is incorporated in and maintains its principal place of business in Kansas. OPD is therefore a citizen of Kansas and only Kansas for diversity purposes.

ECF No. 1 at 2. In doing so, Defendant has pled the identity and citizenship of its member, its member's members, and so on, correctly concluding that it is a citizen of Kansas for the purpose

---

[1] At the December 5, 2023 hearing, Plaintiff asserted that Defendant does business in Texas. While this fact may be relevant to the issue of personal jurisdiction, Plaintiff has not cited any authority suggesting that this fact should bear on the Court's analysis of citizenship for diversity jurisdiction purposes.

of diversity jurisdiction.[2] In fact, Defendant's citizenship allegations are almost identical in form to allegations other courts have found to be sufficient. *See, e.g., Weston v. SharkNinja Operating, LLC*, No. CV SA-20-CA-679-FB, 2020 WL 8172709, at *2 (W.D. Tex. Oct. 27, 2020) ("The sole member of SharkNinja Operating, LLC is EP Midco, LLC. In turn, the sole member of EP Midco, LLC is Euro-Pro Holdco, LLC. The sole member of Euro-Pro Holdco, LLC is Global Appliance, LLC and the sole member of Global Appliance, LLC is Global Appliance UK Holding Ltd. Global Appliance UK Holding Ltd. is a corporation created and organized under the laws of the United Kingdom with its principal place of business located in Wakefield, England.").

Nonetheless, Plaintiff contends that Defendant hasn't affirmatively proven citizenship, as it merely "offers conclusory statements" and "fails to provide any sworn affidavits, certificates of formation, secretary of state records, articles of formation, - anything - to satisfy its burden showing federal jurisdiction exists and that removal was proper." ECF No. 9 ¶ 7. Plaintiff does not contest the truthfulness of Defendant's allegations, but instead argues for remand on the basis that Defendant should have provided affirmative evidence of citizenship, rather than mere allegations, in its Notice of Removal.

Plaintiff misunderstands Defendant's burden. Defendant, as the party asserting jurisdiction, must make "clear, distinct, and precise affirmative jurisdictional allegations." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). As other courts in this circuit have found, a defendant is not required to furnish affirmative proof of citizenship in filing a Notice of Removal. *Weber v. Allstate Fire & Cas. Ins. Co.*, No. 421CV00742SDJCAN, 2021 WL 6881281, at *2 (E.D. Tex. Dec. 13, 2021), *report and recommendation adopted*, No. 4:21-

---

[2] Plaintiff argued at the December 5, 2023 hearing that Defendant has not identified the citizenship of all of its members. However, Plaintiff has offered no argument or evidence, either in its briefing or at that hearing, as to which members it believes are missing.

3

CV-742-SDJ, 2022 WL 414339 (E.D. Tex. Feb. 10, 2022) ("The burden of the removing party is to distinctly and affirmatively allege the citizenship of each party in its notice of removal, not to supply any accompanying evidence verifying those allegations of citizenship."); *Blazejewski v. Allstate Fire & Cas. Ins. Co.*, No. SA-21-CV-00700-JKP, 2021 WL 4173429, at *2 (W.D. Tex. Sept. 14, 2021) (holding that the removing party does not need to "attach evidence of its allegations regarding citizenship to the Notice of Removal"); *Laird v. Libert Personal Ins. Co.*, No. 22-2257, 2022 WL 17261770 at *3 (E.D. La. Nov. 29, 2022) (rejecting the argument that a defendant must offer distinct proof of citizenship when the plaintiff does not contest the truthfulness of the defendant's citizenship allegations.); *Emps. Mut. Cas. Co. v. Gemini Ins. Co.*, No. 3:13-CV-00816-BAJ, 2014 WL 3541296, at *4 (M.D. La. July 17, 2014) ("Plaintiff provides no authority to support its position that some additional documentation or evidence was required to be submitted with the Notice of Removal.").

"Only when the non-removing party makes a good faith challenge to the factual allegations in the removal notice may the removing party be required to submit some evidence in support of its allegations of citizenship." *Weber*, 2021 WL 6881281, at *2; *Emps. Mut. Cas. Co.*, 2014 WL 3541296, at *4 ("If plaintiff had a good faith reason to [contest the citizenship of the parties] and makes a factual challenge to the allegations in the removal notice (as opposed to contesting the sufficiency of the allegations), then the burden would be on defendant RSL, as the removing party, to prove the existence of jurisdictional facts."). Here, Plaintiff does not make any good faith challenge to the citizenship of the parties as they are alleged in Defendant's Notice of Removal. As a result, Defendant is not required to provide additional proof supporting its citizenship allegations at this stage.

Moreover, Defendant has provided additional evidence to support its allegations. In its Response to Plaintiff's Motion, Defendant included an affidavit from an employee of Koch Industries confirming Defendant's citizenship allegations. Even if Defendant's Notice of Removal had been deficient, which it was not, this affidavit would cure that deficiency. *See Weston*, 2020 WL 8172709, at *1 (finding that an affidavit attached to a defendant's response to a motion to remand containing specific allegations of the defendant's citizenship cured the lack of specific allegations in the notice of removal); *Emps. Mut. Cas. Co.*, 2014 WL 3541296, at *4 ("Although the plaintiff does not make a factual challenge to the assertions in the Notice of Removal, the court finds in the alternative that the sworn affidavits submitted by defendant RSL demonstrate that the citizenship of the defendants as alleged are properly supported to meet its burden of proving the existence of such jurisdictional facts.").

Therefore, the Court finds Defendant has adequately pled a basis for subject matter jurisdiction.

### III. CONCLUSION

The Court finds Defendant has met its burden of adequately alleging a basis for diversity jurisdiction. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on December 7, 2023.

Keith P. Ellison
United States District Judge