UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FARRIEN RAY-BRYANT,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:23-CV-03275** |
| § | |
| **OPTIMIZED PROCESS DESIGNS, LLC,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM & ORDER

Before the Court is a Motion for Voluntary Dismissal Without Prejudice filed by Intervenor-Plaintiffs Bridget Bryant and Lester Bryant. ECF No. 22. Plaintiff Farrien Ray-Bryant joined in the Motion for Voluntary Dismissal. ECF No. 23. Also before the Court is a Motion for Leave to File Counterclaim for Declaratory Judgment by Defendant Optimized Process Designs, LLC. ECF No. 28. For the reasons that follow, the Motion for Voluntary Dismissal is **GRANTED**. The Motion for Leave to File Counterclaim is **DENIED**.

I.   **BACKGROUND**

This is a wrongful death action brought by relatives of the decedent, Chaz Bryant. On the day of his death, the decedent was operating a flatbed trailer loaded with two large industrial vessels. In the course of unloading these vessels at Defendant's facility in Katy, Texas, one of the vessels fell on the decedent, resulting in his death. Plaintiff, a relative of the decedent, then brought the present action in state court. Defendant removed the case to federal court on September 1,

1

2023. Intervenor-Plaintiffs, who are also relatives of the decedent, filed an Unopposed Motion to Intervene, which the Court granted on September 26, 2023. ECF No. 7.

Intervenor-Plaintiffs and Plaintiff (collectively "Plaintiffs") now move for voluntary dismissal without prejudice. ECF No. 22. It appears that, while the parties were conferring about the Joint Discovery/Case Management Plan, ECF No. 20, Plaintiffs learned from Defendant that a third party, Chantex Manufacturing, may have been involved in loading the cargo that fell on the decedent and caused his death. Believing that Chantex Manufacturing is a non-diverse party, Plaintiffs evidently intend to dismiss this case and refile in state court, where they can properly add Chantex Manufacturing as a defendant.

Defendant opposes voluntary dismissal, arguing that Plaintiffs are merely attempting to forum shop. Defendant subsequently moved for leave to file a declaratory judgment counterclaim in an attempt to prevent Plaintiffs from dismissing this action and then re-filing in state court. ECF No. 28.[1]

On February 6, 2024, the Court held a hearing on the Motion for Voluntary Dismissal. As Defendant had filed its Motion for Leave the day prior, the Court did not make a ruling during that hearing and instead took the matter under advisement.

## II.   VOLUNTARY DISMISSAL STANDARD

A plaintiff may voluntarily dismiss an action without leave of the court either by stipulation of all parties who have appeared or by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. FED. R. CIV P. 41(a)(1)(A). Otherwise, an action

---

[1] Defendant is clear that this is the purpose behind its counterclaim, stating that the the "counterclaim was unnecessary until Intervenors and Plaintiffs sought to dismiss their claims last month to potentially re-file in state court." ECF No. 28 at 5.

may be voluntarily dismissed only with leave of the court. FED. R. CIV P. 41(a)(2). "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.*

### III.  ANALYSIS

#### a.  Motion for Voluntary Dismissal

Because Defendant has already served an answer in this case and Defendant opposes dismissal, Plaintiffs can dismiss only with leave of the Court. FED. R. CIV. P. 41(a). "Generally, courts approve [voluntary] dismissals unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990). "A plaintiff's voluntary dismissal may substantially prejudice the defendant if it effectively strips him of a defense that would otherwise be available." *Id.* For example, in *Ikospentakis*, the defendants had raised a *forum non conveniens* defense that would not be available if the plaintiff refiled in Louisiana state court. *Id.* The court found that this constituted legal prejudice to the defendants and denied plaintiff's request for voluntary dismissal. *Id.* at 180; *see also Phillips v. Illinois Cent. Gulf R.R.*, 874 F.2d 984 (5th Cir. 1989) (denying voluntary dismissal where defendant asserted a statute of limitations defense that would not be available if plaintiff refiled in a different state); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002) (same). In contrast, where legal prejudice is absent, the fact that the "plaintiff may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal." *Ikospentakis*, 915 F.2d at 178; *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299

(5th Cir. 2016) ("[T]he possibility of tactical advantage does not justify the denial of a voluntary dismissal.").

Here, Defendant argues that Plaintiffs are engaging in forum shopping and only seek dismissal so that they might refile in state court. Even if Plaintiffs are engaging in forum shopping, which is contested, the Fifth Circuit has clearly stated that "the potential for forum-shopping does not qualify as legal prejudice," and therefore cannot be a basis for denying voluntary dismissal. *Bechuck*, 814 F.3d at 299; *see also Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1276 (5th Cir. 1990) (affirming district court's grant of voluntary dismissal despite the potential for defendant to lose their choice of forum). As a result, voluntary dismissal has been allowed even when it is apparent that the plaintiff plans to refile in state court. *See Thompson v. Phillips 66 Co.*, No. CV H-23-1083, 2023 WL 7414567, at *3 (S.D. Tex. Nov. 9, 2023) (Rosenthal, J.) ("[T]here is no prohibition on voluntarily dismissing a federal case in order to refile it in state court."). Therefore, even if Plaintiffs are engaging in forum shopping, that alone is not a sufficient basis for the Court to deny voluntary dismissal.

The cases Defendant relies on to argue that the Court should deny voluntary dismissal were decided before the Fifth Circuit's ruling in *Bechuck* clarified that forum shopping alone is not sufficient to create legal prejudice. *See USA Heavy Lift Cargo Consultants Ltd v. Combi Lift USA Inc.*, No. 4:12-CV-973, 2013 WL 1390672, at *2 (S.D. Tex. Apr. 3, 2013); *Legacy Separators LLC v. Halliburton Energy Servs. Inc.*, No. 4:14-CV-2081, 2015 WL 5093442, at *5 (S.D. Tex. Aug. 28, 2015). Thus, they are unavailing. Further, these cases are also distinguishable insofar as they involved plaintiffs who had engaged in more blatant attempts at forum shopping or other types of misconduct that are not present in the case at hand.

Defendant's pending Motion for Leave to File a Counterclaim does not alter this analysis or prevent voluntary dismissal. Rule 41(a)(2) states, "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." FED. R. CIV. P. 41(a)(2). This provision creates an additional requirement that must be met for voluntary dismissal. However, it applies only if the counterclaim was pled *before* the plaintiff served the motion to dismiss. Rule 41 imposes no similar requirements for dismissal when the counterclaim is pled *after* a plaintiff's motion to dismiss is served. The absence of such a requirement suggests that Rule 41 did not intend for the voluntary dismissal analysis to be affected by a counterclaim – or, in this case, a motion for leave to file a counterclaim – that was submitted after the dismissal motion. Because Defendant's Motion for Leave was not filed until well after Plaintiffs' Motion for Voluntary Dismissal had been served, it has no bearing on the Court's analysis of whether voluntary dismissal is appropriate.

In sum, even if Plaintiffs are seeking dismissal purely for forum shopping purposes, that would not cause Defendant to suffer the type of legal prejudice necessary for the Court to deny voluntary dismissal. As Defendant has articulated no other basis for legal prejudice, the Court finds that the Motion for Voluntary Dismissal should be **GRANTED**.

### b. Conditions of Dismissal

Although Defendant opposes dismissal, it requests, in the alternative, that two conditions be imposed on the dismissal. Namely, (1) that Plaintiffs must reimburse Defendant for attorney fees and costs and (2) that Plaintiffs must designate any subsequent case based on the same set of operative facts that returns to federal court as "related" to the present case.

A district court may impose conditions on voluntary dismissal in order to protect defendants. *Cranford v. Morgan S. Inc.*, 333 Fed. Appx. 852, 855 (5th Cir. 2009); Fed. R. Civ. P. (permitting courts to grant dismissal "on terms that the court considers proper"). "Ordinarily, the plaintiff has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous." *Mortg. Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990).

The most frequent condition placed upon voluntary dismissal is a requirement that the plaintiff bears the defendant's costs and attorney fees. *Id.* at 300. Whether to impose this condition is within the Court's discretion; it is not an abuse of discretion to award or deny attorney fees and/or costs so long as any award falls short of "an exorbitant sum." *Balistreri v. Metro. Life Ins. Co.*, 272 F. App'x 345, 347 (5th Cir. 2008). "Payment of costs and fees as a condition of dismissal without prejudice are most commonly imposed when a plaintiff seeks to dismiss her case at a late stage, after the defendant has invested substantial time and effort." *Becerra v. Toshiba Int'l Corp.*, No. 4:21-CV-1924, 2021 WL 5989763, at *3 (S.D. Tex. Dec. 2, 2021), *report and recommendation adopted*, No. CV H-21-1924, 2021 WL 5987096 (S.D. Tex. Dec. 17, 2021); *Mock v. St. David's Healthcare P'ship, L.P., LLP*, No. A-19-CV-611-RP, 2021 WL 75699, at *5 (W.D. Tex. Jan. 8, 2021), *report and recommendation adopted*, No. 1:19-CV-611-RP, 2021 WL 8080549 (W.D. Tex. Mar. 4, 2021) (same). Fees and costs have also been imposed when the plaintiff's actions created additional unnecessary litigation costs. *See, e.g.*, *McCauley v. Kroger Co.*, No. 3:19-CV-2673-D, 2020 WL 2065634, at *3 (N.D. Tex. Apr. 29, 2020) (granting fee award where plaintiff could have prevented removal and subsequent motion practice had it not delayed in executing a damages stipulation).

The circumstances here do not merit the award of attorney fees and costs. This case is still in its early stages. Little if any discovery has occurred, and no dispositive motions have been filed. Further, Plaintiffs sought voluntary dismissal within days of learning that a non-diverse third-party may be liable, which precipitated their decision to dismiss. To the extent that Defendant has expended time and resources preparing for litigation, that preparation will benefit it if Plaintiffs refile in state court. *See Becerra*, 2021 WL 5989763, at *4 (declining to impose condition that the plaintiffs pay attorney fees in part because some of defense counsel's preparation would still be relevant if the plaintiffs were to refile in state court). Therefore, the Court declines to require that Plaintiffs reimburse Defendant's attorney fees and costs as a condition of dismissal.

As for the second proposed condition, some courts have conditioned dismissal on the requirement that the case is refiled and eventually returns to federal court, it must be marked as a "related case" to the current action. *See Scarlott v. Ocwen Loan Servicing, LLC*, No. CIV.A. H-13-2742, 2014 WL 1795243, at *5 (S.D. Tex. May 6, 2014) ("If Scarlott files another case in federal court based generally on the same set of operative facts, or if she files that case in state court and the case is subsequently removed to federal court, the parties must designate the new case a 'related case' to the instant action. The new action will be assigned to this Court."); *Arias v. Zachry LLC*, No. 4:19-CV-01635, 2020 WL 1130389, at *2 (S.D. Tex. Mar. 6, 2020) ("[S]hould Arias file another action in federal court based generally on the same set of operative facts alleged in this case, or should he commence such an action in state court and that action is subsequently removed to federal court, the parties must designate the new action as a *related case* to the instant action for assignment to this Court."). The Court finds that this condition is a reasonable mechanism to mitigate Defendant's fears of forum shopping. Should Plaintiffs, separately or individually, file another case in federal court based generally on the same set of operative facts,

7

or if they file that case in state court and the case is subsequently removed to federal court, the parties must designate the new case a 'related case' to the instant action. The new action will be assigned to this Court.

### c. Defendant's Motion to File a Counterclaim

Defendant moves for leave to file a counterclaim. ECF No. 28. The proposed declaratory judgment counterclaim is apparently a mechanism to prevent Plaintiffs from voluntarily dismissing this case. Rule 15 governs timely amendments to pleadings, including the assertion of counterclaims. It provides that "the court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, leave should be denied where amendment would be futile. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009); *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Here, Defendant's proposed declaratory judgment counterclaim seeks various declarations that would negate liability for negligence related to the decedent's death.[2] In general, "it is not one of the purposes of the declaratory judgments act to enable a prospective negligence action

---

[2] Specifically, Defendant seeks the following declarations:
    a) OPD owed no duty of reasonable care to Decedent or to Counter-Defendants.
    b) OPD did not breach the duty of reasonable care to Decedent or Counter-Defendants by any of the following:
        a. Failing to properly provide safe equipment for use;
        b. Failing to properly train and/or supervise its employees responsible for servicing the equipment;
        c. Failing to institute precautionary measures to protect individuals working on the premises and work site;
        d. Failing to properly and safely supervise;
        e. Failing to create and/or enforce necessary policies and procedures at the facility;
        f. Failing to ensure equipment was safe for intended use;
        g. Failing to properly and timely fix any job hazards;
        h. Failing to warn of hazards; i. Failing to maintain a safe work environment for individuals at the work site;
        j. Failing to have a safe plan and schedule in place for the work, instead of rushing the work.
    c) OPD's acts and omissions were not the proximate cause of Counter-Defendants' injuries.
ECF No. 28-1 ¶ 24.

8

defendant to obtain a declaration of nonliability." 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2765 (4th ed.). This rule is derived from the Declaratory Judgment Act's purpose, which is to "settle actual controversies before they ripen into violations of the law or a breach of some contractual duty." *Certain Underwriters at Lloyd's London v. A & D Ints., Inc.*, 197 F. Supp. 2d 741, 751 (S.D. Tex. 2002). This purpose is not served where a tort defendant seeks a declaration of nonliability with respect to an injury that has already occurred. Accordingly, courts in the Fifth Circuit have embraced the idea that is improper for prospective tort defendants to maintain a declaratory judgment action for nonliability. *See Torch, Inc. v. LeBlanc*, 947 F.2d 193, 196 n.2 (5th Cir. 1991) ("[I]t is not one of the purposes of the declaratory judgment acts to enable a prospective negligence action defendant to obtain a declaration of non-liability." (cleaned up)); *Certain Underwriters at Lloyd's London v. A & D Ints., Inc.*, 197 F. Supp. 2d 741, 751 (S.D. Tex. 2002) ("It is logical that a court would deny a prospective tort defendant the opportunity to obtain a declaration of nonliability, since this type of declaratory action would not settle a controversy prior to its becoming a violation of the law, or prevent or minimize the accrual of damages to an aggrieved party."); *MH Sub 1, LLC v. FPK Servs., LLC*, No. 1:18-CV-834-RP, 2019 WL 13138139, at *5 (W.D. Tex. June 21, 2019) ("[A] declaratory judgment action is intended to prevent liability or harm from accruing; it should not be used to resolve liability for harms that have already occurred."); *Precision Drilling Co. v. Crum & Forster Ins. Co.*, No. 4:21-CV-00570, 2021 WL 4820670, at *2 (S.D. Tex. Oct. 15, 2021) ("[A]s a general rule, a prospective tort defendant may not obtain a declaration of nonliability for the alleged tort."); *Am. Eurocopter LLC v. AIG Aviation, Inc.*, No. 4:09-CV-137-Y, 2009 WL 10705171, at *2 (N.D. Tex. June 19, 2009) (dismissing declaratory judgment action brought by a potential tort defendant because "a

personal-injury plaintiff should not be compelled to litigate his claims at a time and in a forum chosen by the alleged tortfeasor").

It is plain that Defendant attempts to bring this counterclaim in order to resolve liability for harms that have already occurred. Defendant's proposed declaratory judgment action specifically addresses its obligations to Plaintiffs and the decedent, insofar as Defendant seeks declarations that it did not owe a duty of care, did not breach a duty of care, and did not proximately cause the alleged injuries. Defendant has provided no persuasive argument as to how declaratory judgment on these issues would settle any actual controversy *before* it ripens into a violation. *See Certain Underwriters*, 197 F. Supp. 2d at 751. Accordingly, the Court finds that Defendant's declaratory judgment action is not proper. Because granting leave for Defendant to file its proposed counterclaim would be futile, Defendant's Motion for Leave is **DENIED**.

### IV. CONCLUSION

The Motion for Leave to File Counterclaim, ECF No. 28, is **DENIED**. The Motion for Voluntary Dismissal, ECF No. 22, is **GRANTED**. Plaintiff and Intervenor-Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. This dismissal is conditioned on the requirement that should Plaintiffs, separately or individually, file another case in federal court based generally on the same set of operative facts, or if they file that case in state court and the case is subsequently removed to federal court, the parties must designate the new case a "related case" to the instant action. The new action will be assigned to this Court.

**IT IS SO ORDERED.**

Signed at Houston, Texas on February 26, 2024.

_____
Keith P. Ellison
United States District Judge